UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:  CHAPTER 7 CASE

Scott Carruthers  CASE NO. 10-45251
Heather Carruthers

              Debtors.  NOTICE OF HEARING AND MOTION FOR RELIEF FROM STAY

_____

TO: Debtor and other entities specified in Local Rule 9013-3(a).

    1. U.S. Bank N.A., its successors and/or assigns (hereinafter "Movant"), by its undersigned attorney moves the Court for the relief requested below and gives notice of hearing herewith.

    2. The Court will hold a hearing on this motion on September 30, 2010, at 2:00 PM, or as soon thereafter as counsel can be heard, before the Honorable Judge Robert J. Kressel in Courtroom 8 West of the above entitled Court located at 300 S 4th St, Minneapolis Minnesota, 55415-2255.

    3. Any response to this motion must be filed and served by delivery not later than September 24, 2010, which is five days before the time set for the hearing (including Saturdays, Sundays and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

    4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Federal Rule of Bankruptcy Procedure 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this case was filed on July 14, 2010. The case is now pending in this Court.

    5. This motion arises under 11 U.S.C. § 362 and Federal Rule of Bankruptcy Procedure 4001. This motion is filed under Federal Rule of Bankruptcy Procedure 9014 and Local Rules 9013-1 - 9019-1. Movant requests relief from the automatic stay with respect to property subject to a lien. Movant requests said relief be effective immediately notwithstanding

Federal Rule of Bankruptcy Procedure 4001(a)(3).

6. Debtor is indebted to Movant in the original principal amount of $264000.00, as evidenced by that certain Promissory Note dated April 11, 2008, together with interest thereon.

7. Debtor's indebtedness is secured by a mortgage on real estate in which Debtor has an interest as evidenced by that certain mortgage deed dated April 11, 2008, executed by Scott R. Carruthers And Heather M Carruthers, Husband and Wife, filed for record in the office of the County Recorder on April 18, 2008, as Document Number 561115, Kandiyohi County, State of Minnesota, a copy of which is attached hereto as Exhibit "A". The name and address of the original creditor is contained in the attached Exhibit "A". Said mortgage was assigned to U.S. Bank, N.A. by that certain Corporation Assignment of Mortgage dated April 11, 2008 and recorded on April 18, 2008 as Document Number 561116. The property is located in Kandiyohi County, Minnesota and is legally described as follows to wit:

Lot 2, Block 1, Eagles Landing Phase II, According to the Map or Plat thereof on File or of Record in the Office of the County Recorder In and for Kandiyohi County, Minnesota.
And commonly known as 3335 Eagle Ridge Drive W, Willmar, Minneapolis, 56201-8753

Movant is now the holder of said mortgage and is entitled to enforce the terms thereof.

8. At all times material, Debtor was in default of the payments and performance of obligations to Movant.

9. Pursuant to 11 U.S.C. § 362(g) the burden is on Debtor to prove absence of cause and/or adequate protection. This Movant's interest in the property is not adequately protected where, as of September 08, 2010, Debtor is delinquent for monthly payments as required for the months of December 2009 to July 2010 in the amount of $1841.08 per month; and August 2010 to September 2010 in the amount of $1807.04 per month; accruing monthly late charges of $74.95; and attorney's fees and costs of $700.00. Debtor has failed to make any offer of adequate protection.

10. Debtor has no equity in the property and the property is not necessary to an effective reorganization. The value of the property as scheduled by Debtor is $256,200.00,

subject to Movant's mortgage in excess of $275,008.67. The property is also subject to a Second Mortgage in favor of Heritage Bank NA in excess of $51,283.39.

11. According to Debtor's Statement of Intention, Debtor intends to surrender the property. Since this is a liquidation case, no reorganization is being attempted.

12. Movant desires to protect its interest in the aforementioned property and requests the Court to vacate the stay of actions and allow foreclosure pursuant to Minnesota law.

13. Movant has incurred and will incur legal fees and costs to protect and enforce its rights in the subject property.

WHEREFORE, Movant, by its undersigned attorney, moves the Court for an order for judgment that the automatic stay provided by 11 U.S.C. § 362(a) be terminated so to permit the Movant to commence mortgage foreclosure proceedings under Minnesota law and for such other relief as may be just and equitable.

Dated: September 8, 2010

**WILFORD & GESKE, P.A.**

/e/ James A. Geske
James A. Geske, #14969X
Attorneys for Movant
8425 Seasons Parkway, Suite 105
Woodbury, MN 55125-4393
(651) 209-3300

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

V345046 46⁰⁰ Kate (138⁰⁰)

561115

OFFICE OF COUNTY RECORDER
KANDIYOHI COUNTY MINNESOTA

FILED AND/OR
RECORDED ON

04/18/2008   02:34PM

JULIE KALKBRENNER
COUNTY RECORDER

BY _Wanda Hrutt_
       DEPUTY
                Kate

Registration tax hereon of $ 607.20
has been paid in receipt No. 229105

Sam Modderman, Co. Auditor/Treasurer
_Cathy Pederson_ Deputy

---

[Space Above This Line For Recording Data]

# MORTGAGE

CARRUTHERS
Loan #: 20094047
PIN: 95-148-1020

After Recording Return To:
HERITAGE BANK N.A.
310 1ST STREET SW
WILLMAR, MN 56201
ATTN: POST CLOSING

This instrument was drafted by:

HERITAGE BANK N.A.
310 1ST ST SW
WILLMAR, MN 56201-1124
(320) 235-5720

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated APRIL 11, 2008, together with all Riders to this document.
(B) "Borrower" is SCOTT R CARRUTHERS AND HEATHER M CARRUTHERS, HUSBAND AND WIFE. Borrower is the mortgagor under this Security Instrument.
(C) "Lender" is HERITAGE BANK N.A.. Lender is a CORPORATION organized and existing under the laws of MINNESOTA. Lender's address is 310 1ST ST SW, WILLMAR, MN 56201-1124. Lender is the mortgagee under this Security Instrument.
(D) "Note" means the promissory note signed by Borrower and dated APRIL 11, 2008. The Note states that Borrower owes Lender TWO HUNDRED SIXTY FOUR THOUSAND Dollars (U.S. $264,000.00) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than MAY 1, 2038.
(E) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(F) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

MINNESOTA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
⇒ 332.2                                        Page 1 of 14                                        Form 3024 1/01



EXHIBIT A

20084047

(G) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider    ☐ Condominium Rider    ☐ Second Home Rider
☐ Balloon Rider    ☐ Planned Unit Development Rider    ☐ Biweekly Payment Rider
☐ 1-4 Family Rider    ☐ Other(s) [specify]

(H) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(I) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(J) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(K) "Escrow Items" means those items that are described in Section 3.

(L) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(M) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(N) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(O) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(P) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender and Lender's successors and assigns, with power of sale, the following described property located in the COUNTY (Type of Recording Jurisdiction) of KANDIYOHI (Name of Recording Jurisdiction):
LOT 2, BLOCK 1, EAGLES LANDING PHASE II, ACCORDING TO THE MAP OR PLAT THEREOF ON FILE OR OF RECORD IN THE OFFICE OF THE COUNTY RECORDER IN AND FOR KANDIYOHI COUNTY, MINNESOTA.

MINNESOTA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
⬅ 332.2      Page 2 of 14      Form 3024 1/01

which currently has the address of 3335 EAGLE RIDGE DR WEST, WILLMAR, Minnesota 56201 ("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

MINNESOTA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
332.2  Page 3 of 14  Form 3024 1/01

the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall cause a copy of a notice of sale to be served upon any person in possession of the Property. Lender shall publish a notice of sale, and the Property shall be sold at public auction in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall discharge this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. **Waiver of Homestead.** Borrower waives all right of homestead exemption in the Property.

25. **Interest on Advances.** The interest rate on advances made by Lender under this Security Instrument shall not exceed the maximum rate allowed by Applicable Law.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____  4-1-08
- BORROWER - Scott R Carruthers  - DATE -

_____  4/1/08
- BORROWER - Heather M Carruthers  - DATE -

[Space Below This Line For Acknowledgment]

STATE OF Minnesota

COUNTY OF Kandiyohi

This instrument was acknowledged before me on April 1_, 2008, by Scott R Carruthers and Heather M Carruthers, Husband and Wife.

_____
(Signature of person taking acknowledgment)

(Title or Rank) Closer

My Commission Expires: 1/4/2010

√345046 46@ katc

561116
OFFICE OF COUNTY RECORDER
KANDIYOHI COUNTY MINNESOTA

FILED AND/OR
RECORDED ON

04/18/2008    02:34PM

JULIE KALKBRENNER
COUNTY RECORDER

BY _Wanda Huott_
DEPUTY
katc

## ASSIGNMENT OF MORTGAGE

CARRUTHERS
Loan #: 20094047
PIN: 95-148-2020

FOR VALUABLE CONSIDERATION, **HERITAGE BANK N.A.** a corporation existing under the laws of **MINNESOTA**, Assignor (whether one or more), hereby sells, assigns and transfers to **U.S. BANK N.A.**, whose address is **4801 FREDERICA STREET, OWENSBORO, KY 42301**, assignee (whether one or more), the Assignor's interest in the Mortgage dated **APRIL 11, 2008**, executed by **SCOTT R CARRUTHERS AND HEATHER M CARRUTHERS, HUSBAND AND WIFE** as Mortgagor, to **HERITAGE BANK N.A.** as Mortgagee upon the following described property:
**LOT 2, BLOCK 1, EAGLES LANDING PHASE II, ACCORDING TO THE MAP OR PLAT THEREOF ON FILE OR OF RECORD IN THE OFFICE OF THE COUNTY RECORDER IN AND FOR KANDIYOHI COUNTY, MINNESOTA.**
and filed for record ___April 18, 2008___, as Document Number ___561115___ (or in Book _____ of _____ Page _____ ), in the Office of the (County Recorder) (Registrar of Titles) of **KANDIYOHI** County, Minnesota, together with all right and interest in the note and obligations therein specified and the debt thereby secured. Assignor covenants with Assignee, its successors and assigns, that there is still due and unpaid of the debt secured by the Mortgage the sum of **TWO HUNDRED SIXTY FOUR THOUSAND DOLLARS ($264,000.00)**, with interest thereon from **APRIL 11, 2008**, and that Assignor has good right to sell, assign and transfer the same.

This instrument was drafted by:

HERITAGE BANK N.A.
310 1ST ST SW
WILLMAR, MN 56201-1124
(320) 235-5720

ASSIGNOR **HERITAGE BANK N.A.**

By _____
DUAINE L. AMUNDSON
Its VICE PRESIDENT

WHEN RECORDED RETURN TO:
HERITAGE BANK N.A.
310 1ST STREET SW
WILLMAR, MN 56201

State of **MINNESOTA**
County of **KANDIYOHI**

This instrument was acknowledged before me on **APRIL 11, 2008** by **DUAINE L. AMUNDSON** as **VICE PRESIDENT** of **HERITAGE BANK N.A.**.

_Elaine I. Baker_
Notary Public
ELAINE I. BAKER

My Commission Expires: **JANUARY 31, 2010**

[Notary Seal:
ELAINE I. BAKER
NOTARY PUBLIC-MINNESOTA
My Comm. Exp. Jan. 31, 2010]

DocuTech 5125 (MN)
1533.8

Page 1 of 1

Rev. 10/02

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:  CHAPTER 7 CASE

Scott Carruthers  CASE NO. 10-45251
Heather Carruthers

                Debtor(s).  MEMORANDUM IN SUPPORT OF
MOTION FOR RELIEF FROM STAY

_____

ARGUMENT

I.    CAUSE EXISTS FOR THE GRANTING OF RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) WHERE THE INTEREST OF THIS MOVANT IS NOT ADEQUATELY PROTECTED.

    Pursuant to 11 U.S.C. § 362(g) the burden is on Debtor to prove absence of cause and/or adequate protection. Movant's interest in the property is not adequately protected where:

    1.    As of September 08, 2010, Debtor is delinquent for monthly payments as required for the months of December 2009 to July 2010 in the amount of $1841.08 per month; and August 2010 to September 2010 in the amount of $1807.04 per month accruing monthly late charges of $74.95; and attorney's fees and costs of $700.00.

    2.    Debtor has failed to make any offer of adequate protection.

Furthermore, Debtor has failed to meet its contractual obligations to make payments as they become due after the filing of the bankruptcy petition, which failure constitutes "cause" entitling the Movant to relief from the automatic stay under 11 U.S.C. § 362(d)(1). A continued failure by Debtor to maintain regular payments to Movant is sufficient cause to entitle Movant to relief from the automatic stay. See In re Taylor, 151 B.R. 646 (E.D.N.Y., 1993) and In re Davis, 64 B.R. 358 (Bkrtcy. S.D.N.Y., 1986).

II.    THE AUTOMATIC STAY SHOULD BE MODIFIED PURSUANT TO 11 U.S.C. § 362(d)(2) WHERE (1) DEBTOR DOES NOT HAVE ANY EQUITY IN THE PROPERTY, AND (2) THE PROPERTY IS NOT NECESSARY TO AN EFFECTIVE REORGANIZATION.

    The first requirement under § 362(d)(2) is met where the total of all the encumbrances against the property is in excess of the value of the property. The value of the property as

scheduled by Debtor is $256,200.00, subject to Movant's mortgage in excess of $275,008.67. The property is also subject to a Second Mortgage in favor of Heritage Bank NA in excess of $51,283.39.

According to Debtor's Statement of Intention, Debtor intends to surrender the property. Since this is a liquidation case, no reorganization is being attempted

CONCLUSION

Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause, and where its interest in the secured property is not adequately protected. Movant is also entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) where Debtor has no equity in the property, and where the property is not necessary to an effective reorganization.

Movant respectfully requests an order of this Court modifying the automatic stay consistent with the attached proposed Order.

Dated: September 8, 2010

**WILFORD & GESKE, P.A.**

/e/ James A. Geske
James A. Geske, #14969X
Attorneys for Movant
8425 Seasons Parkway, Suite 105
Woodbury, MN 55125-4393
(651) 209-3300

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:                                    CHAPTER 7 CASE

Scott Carruthers                          CASE NO. 10-45251
Heather Carruthers
                                          AFFIDAVIT OF U.S. BANK N.A.
            Debtors.

---

Kara Knable, being first duly sworn on oath, deposes and states:

    That I am an Assistant Vice President of U.S. Bank N.A..

    1.    That U.S. Bank N.A., is now the holder of a mortgage on real property in which the debtor has an interest. The debtor's indebtedness is evidenced by that certain mortgage deed dated April 11, 2008, executed by Scott R. Carruthers And Heather M Carruthers, Husband and Wife, recorded on April 18, 2008, as Document No. 561115, a copy of which is attached hereto as Exhibit "A" and "B", covering real estate located in Kandiyohi County, Minnesota, legally described as follows, to wit:

Lot 2, Block 1, Eagles Landing Phase II, According to the Map or Plat thereof on File or of Record in the Office of the County Recorder In and for Kandiyohi County, Minnesota.
And commonly known as 3335 Eagle Ridge Drive W, Willmar Minnesota 56201-8753

    2.    That I have reviewed the account records relating to the debtor's mortgage loan, account no. ending in 1314.

    3.    That as of August 25, 2010, the following amounts were owing on this account:

| | |
|---|---|
| Unpaid Principal Balance | $258,353.39 |
| Interest through August 25, 2010 | $11,841.20 |
| Attorney Fees and Costs | $700.00 |
| Late Charges | $374.75 |
| Escrow Advance | $1,820.33 |
| Other Fees | $126.00 |
| Recoverable Balance | $1,943.00 |
| TOTAL: | $275,158.67 |

    4.    That the mortgage loan is delinquent for monthly payments as required for the months of December 2009 to July 2010 in the amount of $1841.08 per month; and August 2010 in the amount of $1807.04 per month; accruing monthly late charges of $74.95. Attached is the completed Local Rule Form 4001-1 starting with December, 2009 to August, 2010.

    5.    The current tax-assessed value of the property and the movant's estimated current market value is $256,200.00 subject to the Movant's mortgage in excess of $275,158.67. The property is also subject to a second mortgage in favor of Heritage Bank in excess of $59,377.90.

    6.    This affidavit is given in support of the motion of U.S. Bank N.A. its successors and/or assigns for relief from the automatic stay.

Subscribed and sworn to before me on August 31, 2010.    U.S. Bank N.A.

_Katie Stone_
Notary Public


OFFICIAL SEAL
KATIE STONE
NOTARY PUBLIC - KENTUCKY
DAVIESS COUNTY

By _Kara Knable_

| Date | Amount Rec'd From Debtor(s) | Monthly Amount Due Principal/Interest | Monthly Amount Due Escrow | Amount Due Late Fees | Amount Due Other Charge* | Description of Other Chage |
|---|---|---|---|---|---|---|
| 11/19/2009 | $1,841.08 | $1,498.96 | $342.12 | | | |
| 12/1/2009 | | $1,498.96 | $342.12 | | | |
| 12/16/2009 | | | | $74.95 | | |
| 1/1/2010 | | $1,498.96 | $342.12 | | | |
| 1/19/2010 | | | | $74.95 | | |
| 2/1/2010 | | $1,498.96 | $342.12 | | | |
| 2/16/2010 | | | | $74.95 | | |
| 3/1/2010 | | $1,498.96 | $342.12 | | | |
| 3/16/2010 | | | | $74.95 | | |
| 4/1/2010 | | $1,498.96 | $342.12 | | | |
| 5/1/2010 | | $1,498.96 | $342.12 | | | |
| 6/1/2010 | | $1,498.96 | $342.12 | | | |
| 7/1/2010 | | $1,498.96 | $342.12 | | | |
| 8/1/2010 | | $1,498.96 | $308.08 | | | |
| 9/1/2010 | | $1,498.96 | $308.08 | | | |
| | | | | | | |
| TOTALS | $1,841.08 | $16,488.56 | $3,695.24 | $299.80 | $0.00 | |
| | (a) | (b) | (c) | (d) | (e) | |

* Any "Other Chage" must be described, itemized by amount and allowed under note and/or mortgage (e.g., inspection fee, appraisal fee, insurance, taxes, etc.)

NOTE: Columns (b) + (c)+ (d)+(e) -(a) must equal the current amount that is claimed in the motion

Attorneys fees and filing fee for the motion, if allowed under note and/or mortgage and      $700.00

Current Default Amount Claimed in the Motion      $18,642.52

Escrow Balance (amount held for payment of taxes, unsurance, etc)      $0.00

Suspense Account Balance (amount of unapplied payments)      $0.00

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | CHAPTER 7 CASE |
| Scott Carruthers<br>Heather Carruthers | CASE NO. 10-45251 |
| Debtors. | UNSWORN DECLARATION FOR PROOF<br>OF SERVICE |

     Melissa Roue-Chambers, employed by Wilford & Geske, P.A., attorneys licensed to practice law in this Court, with office address at 8425 Seasons Parkway, Suite 105, Woodbury, MN 55125-4393, declares that on September 08, 2010, I served the annexed Notice of Hearing and Motion for Relief from Stay, Memorandum in Support of Motion for Relief from Stay, Affidavit, and proposed Order to each person referenced below, a copy thereof by enclosing the same in an envelope with first class postage prepaid and depositing same in the post office at Woodbury, Minnesota addressed to each of them as follows:

Scott Carruthers
Heather Carruthers
3335 Eagle Ridge Dr W
Willmar, MN 56201-8753

Heritage Bank NA
PO Box 1124,
310 First Street SW
Willmar, MN 56201-1124

and delivered by e mail notification under CM/ECF on the day efiled with the Court to each of them as follows:

Robert Kalenda

Terri A Running

U.S.Trustee

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: September 08, 2010

                                              /e/ Melissa Roue-Chambers
                                              Melissa Roue-Chambers

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:                                             CHAPTER 7 CASE

Scott Carruthers                         CASE NO. 10-45251
Heather Carruthers
                                            ORDER
                Debtors.
_____

This case came before the court on the motion of U.S. Bank N.A., seeking relief from the automatic stay imposed by 11 U.S.C. § 362. Based on the motion and the file,

IT IS ORDERED:

1. The movant, its assignees and successors in interest, are granted relief from the automatic stay imposed by 11 U.S.C. § 362 with regard to the mortgage deed dated April 11, 2008, executed by Scott R. Carruthers And Heather M Carruthers, Husband and Wife, recorded on April 18, 2008, as Document No. 561115, covering real estate located in Kandiyohi County, Minnesota, legally described as:

Lot 2, Block 1, Eagles Landing Phase II, According to the Map or Plat thereof on File or of Record in the Office of the County Recorder In and for Kandiyohi County, Minnesota.
And commonly known as 3335 Eagle Ridge Drive W, Willmar, Minnesota 56201-8753

and may pursue its remedies under state law in connection with the mortgage deed.

2. Notwithstanding Fed. R. Bankr. P. 4001(a)(3), this order is effective immediately.

Dated:

                                                         _____
                                                         United States Bankruptcy Judge